justified that requirement. Instruction No. 30, requested by appellant and refused, gave a form of verdict if the jury found for the defendant. It should have been given. The bill of exceptions certifies that it contains all the instructions and it contains no instruction for either party as to the form of the verdict, but the verdict which was returned shows that the jury were able to form a verdict, and we cannot believe that if they had wished to return a verdict for the defendant, they would have been unable to form it. Moreover, though the refusal of this instruction is assigned for error, it is not argued and it is therefore waived.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*

---

**Frances Mertel, Defendant in Error, v. Charles F. Walter, Plaintiff in Error.**

**Gen. No. 6,191.    (Not to be reported in full.)**

Error to the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916. Rehearing denied April 6, 1916.

### Statement of the Case.

Action by Frances Mertel, plaintiff, against Charles F. Walter, defendant, to recover earnest money paid in pursuance of an alleged contract for the purchase of real estate, which was finally abandoned. From a judgment for plaintiff, defendant brings error.

CHARLES HELMIG and BUTTERS & CLARK, for plaintiff in error.

Stauber v. Stauber, 200 Ill. App. 137.

SCANLAN & MASSIEON, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. CONTRACTS, § 205*—*when question of what constitutes for court.* The question whether all the letters relative to the sale and purchase of real estate constitute a complete contract is for the court.

2. CONTRACTS, § 44*—*when there is no meeting of minds so as to constitute.* There is no meeting of the minds of parties to negotiations for the purchase of real estate so as to constitute a contract where an offer to purchase by letter accompanied by a payment of a certain sum is met by the introduction of new conditions which are not accepted by the purchaser, and the latter also in a subsequent letter introduces new conditions which the vendor does not accept, but requests a verbal conference, which is agreed to by the purchaser, but the latter, without the holding of any conference, demands the return of the earnest money.

---

Mary E. Stauber, Appellee, v. Leo Stauber et al., Appellants.

Gen. No. 6,194.

1. VENUE, § 14*—*when petition for change of filed in apt time.* Under Hurd's Rev. St. ch. 146, secs. 6, 7 (J. & A. ¶¶ 11492, 11493), a petition for change of venue on account of prejudice of judges filed at the first term at which a summons is returnable and less than ten days after the information upon which the application is based comes to the petitioner is in apt time.

2. VENUE, § 12*—*who is not a defendant who must consent to change of.* A person named as defendant but who has not been served with summons and who has not entered an appearance is not a defendant whose consent is necessary to a change of venue under Hurd's Rev. St. sec. 9 (J. & A. ¶ 11495), requiring the consent of all defendants where there are two or more defendants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.